UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY J. MORROW,  )  | |
|    Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 23-cv-3285 |
| ) | |
| JOHN DOE,  ) | |
|    Defendant.  ) | |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Graham Correctional Center ("Graham"). This cause is before the Court for a merit review of Plaintiff's Amended Complaint. (Doc. 17). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Amended Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff files suit against Correctional Officer John Doe and Inmates John Doe #1 and #2. Plaintiff alleges Defendant Inmate John Doe #1 threatened to kill him on November 25 or 26, 2022. The following morning, Inmate John Doe #1 continued to threaten him.

1

Plaintiff informed Defendant Correctional Officer John Doe about the threats. While Plaintiff was talking to Defendant John Doe, Inmate John Doe #1 approached them, balled his fists, and threatened to harm Plaintiff and put him in the ICU.

Plaintiff asked Defendant Correctional Officer John Doe to call the sergeant to move him or Inmate John Doe #1. Defendant John Doe spoke with Inmate John Doe #1 but took no further action. Plaintiff asked Defendant Correctional Officer John Doe a second time if he would call the sergeant, but Defendant allegedly ignored Plaintiff's request.

Between 7:30 p.m. and 8:00 p.m. that evening, Plaintiff alleges he was in the dayroom playing a game with other inmates. When the other inmates got up to use the restroom, Defendant Inmate John Doe #2 struck Plaintiff hard on the head, causing him to fall to the floor. Inmate John Doe #2 kicked, stomped, and punched Plaintiff in the head more than fifteen times before correctional staff intervened. Two months later, a friend told Plaintiff that Inmate John Doe #1 paid Inmate John Doe #2 to attack him.

Plaintiff suffered a laceration under his right eye and fractured facial bones. Plaintiff had facial reconstructive surgery; three plates and more than five screws were placed in his face. After his surgery, Plaintiff alleges his PTSD and anxiety have worsened, he suffers from headaches, and has trouble sleeping. Plaintiff also states he has an arachnoid cyst on the left side of his brain and is unable to go outside and be around others very long.

## ANALYSIS

To plead a claim that prison officials violated his Eighth Amendment rights by failing to protect him from an attack, Plaintiff must allege facts suggesting that the officials were deliberately indifferent to his safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 839-40 (1994). But because "prisons are dangerous places" and guards lack "control over crowding and other systemic

circumstances," *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004), "failure to provide protection constitutes an Eighth Amendment violation only if deliberate indifference by prison officials to a prisoner's welfare 'effectively condones the attack by allowing it to happen.' . . . [This means that the plaintiff] had to allege facts sufficient to show 'that the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quoting *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997)). Plaintiff alleges he told Defendant Correctional Officer John Doe that Defendant Inmate John Doe #1 was harassing and threatening him, and Defendant John Doe personally witnessed Inmate John Doe #1 threaten to harm Plaintiff. At this early stage of the proceedings, these allegations are enough for Plaintiff to proceed on an Eighth Amendment failure-to-protect claim against Defendant Correctional Officer John Doe.

Plaintiff cannot sue the inmates who threatened him or assaulted him under § 1983. *See Fleischman v. Matz*, No. 17-CV-1607-DEJ-PP, 2018 WL 3637541, at *3 (E.D. Wis. July 31, 2018) (plaintiff cannot sue inmates who taunted him, threatened him, and discriminated against him in federal court for violating his constitutional rights under § 1983). "[U]nder § 1983, a plaintiff can sue only 'state actors,' which is another way of saying that the people a plaintiff sues must have legal authority over the plaintiff under state law." *Id.* (citing *West v. Atkins*, 487 U.S. 42, 49 (1988)). Inmates John Doe #1 and #2 do not have any legal authority over Plaintiff and are not "state actors" who can be sued under § 1983. *See Fleischman*, 2018 WL 3637541, at *3. Inmates John Doe #1 and #2 are dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on the Eighth Amendment failure-to-protect claim against Defendant Correctional Officer John Doe for allegedly failing to protect Plaintiff from being attacked after Inmate John Doe #1 threatened to harm him in November 2022 at Graham Correctional Center. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Inmates John Doe #1 and #2 are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

3) Plaintiff is advised that an unidentified Doe Defendant cannot be served. As a result, Steven Campbell, the Warden of Graham Correctional Center, will be named as a Defendant, in his official capacity, for the sole purpose of assisting Plaintiff in the identification of Defendant Correctional Officer John Doe. The Clerk is directed to ADD Warden Steven Campbell as a Defendant. After Defendant John Doe has been identified, the Warden may move to be dismissed. Plaintiff is placed on notice that it is his responsibility, through initial disclosures and discovery, to identify Defendant Correctional Officer John Doe. The failure to do so will result in the dismissal of Defendant John Doe without prejudice.

4) The Clerk is directed to send the Warden, pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Amended Complaint; and 4) a copy of this Order.

5) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an

appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any

motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

11) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) Plaintiff shall be provided a copy of all pertinent medical records upon request.

13) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  4/16/2024

s/ James E. Shadid  
James E. Shadid  
United States District Judge