UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY J. MORROW, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-3285 |
| ) | |
| JOHN DOE, *et al.*, ) | |
|    Defendants. ) | |

## MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se,* filed suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Graham Correctional Center ("Graham").

On April 16, 2024, the Court conducted a Merit Review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed on an Eighth Amendment failure-to-protect claim against Defendant Correctional Officer John Doe, who allegedly failed to protect Plaintiff from being attacked by another inmate in November 2022. (Doc. 18). The Court named Warden Steven Campbell as a Defendant, in his official capacity, to help Plaintiff identify Defendant Doe. *Id*. at p. 4.

On August 20, 2024, Plaintiff filed a Motion for Leave to File Amended Complaint. (Doc. 28). The Court granted Plaintiff's motion and filed his Second Amended Complaint. (d/e 8/21/2024; Doc. 29).

This cause is now before the Court for a merit review of Plaintiff's Second Amended Complaint. The Court is required by § 1915A to "screen" Plaintiff's Second Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Second Amended Complaint, the Court takes all

1

factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

In his Second Amended Complaint, Plaintiff files suit against Warden Steven Campbell, Placement Officer Patrick, Lieutenant Major (last name unknown), and Sergeant Jaywook. (Doc. 29 at pp. 2-3). Plaintiff's allegations are unclear and difficult to decipher. *Id*. at pp. 5-7.

First, Plaintiff makes a vague reference to "SGT. J. Walk," who was one of the correctional staff "the day of said incident." *Id*. at p. 5. It is unclear what incident Plaintiff is referring to and if SGT. J. Walk is the same individual as Sergeant Jaywook, who is listed as a Defendant.

Next, Plaintiff alleges he filed a PREA complaint against his cellmate, Justin Peterson, who allegedly threatened to rape him in April 2024. Specifically, Plaintiff alleges Mr. Peterson said that "he is rape-acidle [and] if he had a gun he would strip [Plaintiff] naked." *Id*. Plaintiff informed Correctional Officer Cooper, who is not named as a Defendant, about Mr. Peterson's threats. Officer Cooper advised Plaintiff to call PREA but indicated "nothing [was] going to happen." *Id*.

Plaintiff called the PREA hotline and requested a crisis team. After an unidentified staff member for Internal Affairs spoke with Plaintiff about the threats, Mr. Peterson was moved out of Plaintiff's housing unit. A few months later, however, Mr. Peterson was placed in a cell next to Plaintiff and continued to threaten and sexually harass him. On an unspecified date, Plaintiff states he and Mr. Peterson "got into a physical altercation." *Id.* at p. 6. Plaintiff's remaining allegations are largely unclear, but it appears that Plaintiff may have received a disciplinary ticket as a result of the altercation, because Plaintiff states: "[Defendant] LT. Major whom signed my ticket I tried

to explain to LT. Major that IA made a mistaken and took us off (KSF). LT Major placed us on (KSF) again." *Id.*

On an unspecified date, Plaintiff alleges that Defendant Patrick placed him in a cell next to Mr. Peterson's cell. Plaintiff received a disciplinary ticket for refusing housing. When Plaintiff spoke with Defendant Patrick about the cell assignment, Defendant Patrick allegedly stated that "he does what Warden Steven Campbell says when it comes to who is placed with who." *Id.* at p. 7. Plaintiff alleges Defendant Campbell "should be held responsible for the staff" at Graham as the Warden. *Id*. at p. 5.

## ANALYSIS

Previously, the Court allowed Plaintiff to proceed on an Eighth Amendment failure-to-protect claim against Defendant Correctional Officer John Doe for allegedly failing to protect him from being attacked by an unidentified inmate in November 2022. (Doc. 18 at p. 4). Plaintiff did not include the allegations regarding this incident in his Second Amended Complaint.

"An Amended Complaint supersedes and replaces the original Complaint. As such, an Amended Complaint must stand on its own without reference to any other pleading." *See Purnell v. Illinois Dep't of Corr.*, No. 20-CV-641-NJR, 2020 WL 5038589, at *1 (S.D. Ill. Aug. 26, 2020) (citing *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004)). The Court will not allow a piecemeal amendment of the complaint. *See Spreck v. U.S. Veterans Admin.*, 67 F. App'x 963, 964 (7th Cir. 2003) (court "not required to incorporate [a plaintiff's] revised caption into an earlier submitted complaint and accept the complaint piecemeal"). Therefore, Plaintiff's failure-to-protect claim against Defendant John Doe is DISMISSED WITHOUT PREJUDICE. Defendant Campbell, who was named in his official capacity to help Plaintiff identify Defendant Doe, is also DISMISSED WITHOUT PREJUDICE.

It is difficult to discern the allegations in Plaintiff's Second Amended Complaint. Federal Rule of Civil Procedure 8 states complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach allegation must be simple, concise, and direct." *Id.* at (d)(1). Plaintiff's Second Amended Complaint does not meet this requirement.

Additionally, it appears that the incidents Plaintiff describes in his Second Amended Complaint are unrelated, involve different Defendants, and are not properly joined in one lawsuit. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ."). Plaintiff will have an opportunity to replead his claims.

Finally, it appears that Plaintiff is attempting to hold Defendant Campbell liable based solely on his supervisory position as Warden. However, liability under Section 1983 is based on personal responsibility, and Defendant cannot be held liable for the misdeeds of other prison staff simply because of his supervisory role. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory prison staff can be held liable for deliberate indifference if they "know about the conduct and facilitate it, approve it, condone it,

4

or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Plaintiff's allegations against Defendant Campbell are too tenuous for the Court to conclude that he was subjectively aware that Plaintiff was at risk of harm and that he condoned, facilitated, or turned a blind eye to the risk. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Plaintiff's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 8, 18, and 20. The Court will allow Plaintiff a FINAL opportunity to file a Third Amended Complaint within 30 days of this Order. Plaintiff's Third Amended Complaint will replace Plaintiff's Second Amended Complaint in its entirety. The Third Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

If Plaintiff files a Third Amended Complaint, Plaintiff is advised that his handwriting MUST be legible. He MUST also clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Plaintiff MUST also provide the date each allegation occurred or a specific timeframe.

The failure to file a timely Third Amended Complaint, or the failure to follow these instructions, will result in a dismissal with prejudice.

**IT IS THEREFORE ORDERED:**

1) **Based on the Court's Merit Review under 28 U.S.C. § 1915A, Plaintiff's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 8, 18, and 20. Plaintiff shall have a FINAL opportunity to file a Third Amended Complaint within 30 days of this Order. Plaintiff's Third Amended Complaint will replace Plaintiff's Second Amended Complaint in its entirety. The Third Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If**

   **Plaintiff fails to file a timely Third Amended Complaint, or if the Third Amended Complaint fails to state a claim for relief, this case will be dismissed with prejudice.**

2) **Defendant Correctional Officer John Doe is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants John Doe and Steven Campbell.**

3) **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

ENTERED:  8/23/2024

                                        s/ James E. Shadid
                                        James E. Shadid
                                        United States District Judge